By the Court.—Freedman, J.
This action was brought to recover the sum of $500, wrongfully detained, and upon the trial the true issue was, whether plaintiff’s consent to a certain settlement between the parties was obtained by the defendant as her attorney by the false statement that, in addition to the sum of $500 paid to Valentine, which was conceded to have been paid, the further sum of $500 had to be paid to Jackson as the attorney of Swift, and that this left only §500 for defendant’s services and disbursements, or whether it was obtained upon the understanding that the defendant might retain $1,000 for his services and disbursements. Upon this issue there was a sharp conflict of testimony, and the jury had a right to look at surrounding circumstances inclusive of probabilities. The extent- of the services rendered and of the disbursements incurred by the defendant for the plaintiff was a fact which had a material bearing upon the question of probabilities, and the jury should have been instructed, as defendant requested, that they might consider the value of such services and the amount of such disbursements in determining whether the defendant consented to accept $500 in full for his services and disbursements as claimed by the plaintiff. They should also have been instructed, as defendant requested, that if they found that the amount agreed to be paid for such services and disbursements was $1,000 instead of $500, the defendant was entitled to a verdict. In re *186 fusing these requests and submitting the case to the jury upon ,the theory that the main point was whether or not there had been in point of fact a payment of $500 to Jackson as the attorney of Swift, the learned judge who presided at the trial erred.
The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.
Sedgwick, J., concurred.